G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
4605 Lankershim Blvd., Suite 535
Toluca Lake, CA 91602
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAWNI JONES,<br><br>                   Plaintiff,<br><br>          vs.<br><br>SOUTHWEST LAW OFFICES, P.C.,<br><br>          Defendant(s). | Case No.: 2:21-cv-1971<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br>3. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

## <u>INTRODUCTION</u>

1.     TAWNI JONES (Plaintiff) bring this action to secure redress from SOUTHWEST LAW OFFICES, P.C., (Defendant) for violations of the Fair Debt

Collection Practices Act (FDCPA), 15 U.S.C. § 1692, Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788] and for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227].

## JURISDICTION AND VENUE

2.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiffs claims arise under the laws of the United States.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.      Plaintiff is an individual residing in Los Angeles County, California. Plaintiff is a natural persons from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.

5.       Defendant, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located in California.  The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6.      Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt".

7.      Defendant constantly and continuously called Plaintiff at Plaintiff's cellular telephone number ending in 1988. Defendant placed telephone calls and texts to Plaintiff requesting Plaintiff call back (855) 777-1978. Defendant called and texted Plaintiff with the intent to harass Plaintiff into paying the alleged debt.

8.      Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

9.      The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

10.     On or about December 19, 2020, Plaintiff received a text from Defendant.   Defendant did not have Plaintiff's prior express consent to text Plaintiff; any such prior express consent had been revoked with Plaintiff's original creditor.   In response to Defendant's December 19, 2020 text, Defendant replied "stop".   Despite these clear instructions, Defendant continued to place its autodialed collection calls and texts to Plaintiff's cellular telephone.

11.     Upon information and belief, Plaintiff alleges that Defendant placed at least three (3) additional automated collection text and one (1) automated collection call to Plaintiff's cellular telephone after Plaintiff had revoked consent to receive such communication on her cellular telephone.

12.     Defendant and/or its agent(s) used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place these aforementioned collection calls to Plaintiff. The dead air that the Plaintiff experienced on the calls that they received (i.e., when Plaintiff answered there was several seconds where no other person was on the other end) is indicative of the use of an automatic telephone dialing system.

13.     This "dead air" is commonplace with autodialing and/or predictive dialing equipment.   It indicates and evidences that the algorithm(s) being used by Defendant's and/or its agent's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated.   Thus resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed,

COMPLAINT FOR DAMAGES

without human intervention, to Plaintiff.

14.     The dead air is essentially the autodialer holding the call it placed to Plaintiff until the next available human agent is ready to accept it.  Should the call at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff' cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

15.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

16.     Defendant's calls were placed to telephone numbers assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

17.     As of December 19, 2020, when Plaintiff first demanded that Defendant "stop", any such consent for Defendant to place its autodialed calls and text (assuming it existed in the first place), was revoked by Plaintiff.   Accordingly, Defendant did not have Plaintiffs "prior express consent" to receive calls or text using an automatic telephone dialing system on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

18.     As a result of Defendant's alleged violations of law by placing these automated calls and text to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

            a. Invading Plaintiffs privacy;

            b. Electronically intruding upon Plaintiff seclusion;

            c. Intrusion into Plaintiffs use and enjoyment of her cellular telephone;

            d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as

to complete ownership and use of her cellular telephone;

e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## <u>FIRST CAUSE OF ACTION</u>
### **(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

19.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.    Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

(a)    Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b)    Defendant violated 15 U.S.C. §1692d(5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

(c)    Defendant violated 15 U.S.C. §1692f use unfair or unconscionable means to collect or attempt to collect any debt.

21.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## <u>SECOND CAUSE OF ACTION</u>
### **(Violation of the RFDCPA, CAL. CIV. CODE § 1788 – as to both Plaintiff)**

23.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

COMPLAINT FOR DAMAGES

24.     Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b)     Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

(c)     Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

25.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26.     As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## THIRD CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned

- 6 -

to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Actual damages pursuant to statute(s), in amounts to be determined at trial and for Plaintiff.

(b)     Statutory damages pursuant to statute(s);

(c)     Punitive damages pursuant to statute;

(d)     Costs and reasonable attorney's fees pursuant to pursuant to statute(s); and

(e)     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

COMPLAINT FOR DAMAGES

RESPECTFULLY SUBMITTED,

Dated: March 3, 2021            **MARTIN & BONTRAGER, APC**


By: /s/ G. Thomas Martin, III

G. Thomas Martin, III

*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES